UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause Nos. 1:07-cr-0001-01 (B/F) |
| ) | |
| MICHAEL EARNEST HENDERSON, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on March 8, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on February 17, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on March 15, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1]  Mr. Henderson appeared in person and by appointed counsel, Juval Scott, Office of Indiana Federal Community Defender; the government appeared by Michelle Brady, Assistant United States Attorney; and Jason Phillips, U. S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Juval Scott, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Henderson in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Henderson and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Henderson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Henderson would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Henderson had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Henderson had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on March 8, 2011.

7. Ms. Scott stated that Michael Henderson would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth as amended orally, and set

forth in the Petition. Mr. Henderson waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Henderson, by counsel, stipulated that he committed specifications of violations as set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, the offender submitted urine samples which tested positive for methamphetamine on January 30 and May 31, 2010. He tested positive for marijuana on April 22, 2009. Mr. Henderson admitted using the substances on each occasion. |
| 4 | **"The defendant shall attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (*e.g.*, AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer."** |
| | Mr. Henderson is required to attend weekly substance abuse treatment sessions at the Volunteers of America. He failed to report for scheduled appointments on November 4, and 11, 2010, and January 13, and 19, 2011. In between those appointments, Mr. Henderson failed to keep in contact with his counselor to schedule treatment as required. He last reported for a session on October 27, 2010. |
| 5 | **"The defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled** |

> **substances in the defendant's body fluids and to determine whether the defendant has used any of those substances."**
>
> Mr. Henderson failed to report for random urine testing on December 24, and 28, 2009, November 27, 2010, December 4, 2010, January 29, and 30, 2011, and February 4, and 8, 2011.
>
> He provided dilute urine specimens on December 19, 2006, March 10, 2007, February 26, 2008, March 14, 2010, May 6, 2010, and July 26, 2010.

> **6**     **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**
>
> Mr. Henderson has repeatedly been instructed via mail, telephone message, and notes at his residence to report to the probation officer. He failed to comply, and has ceased all contact with this officer. He most recently failed to report for scheduled appointments on December 20, 2010, January 18, and 21, 2011. His current whereabouts is unknown.
>
> The offender failed to submit monthly supervision reports for November and December, 2010, and January 2011.

The Court placed Mr. Henderson under oath and directly inquired of Mr. Henderson whether he admitted violations of the specifications of his supervised release set forth above. Mr. Henderson stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Henderson has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Henderson constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Henderson is 4-10 months.

4) The parties did not agree on the appropriate disposition of the case.

The Court, having heard the admissions of the defendant the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **REVOKED** and Michael E. Henderson is sentenced to the custody of the Attorney General or his designee for a period of four months. It is recommended Mr. Henderson be confined at the Terre Haute Farm Camp at Terre Haute, Indiana. Upon release from confinement, defendant will be subject to two years of supervised release, under the terms and conditions imposed at sentencing. The following additional conditions were imposed:

a. The defendant shall provide the probation officer access to any requested financial information.

b. The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program.

c. The defendant shall abstain from the use of all alcoholic beverages.

d. The defendant shall perform 150 hours of community service as directed by the probation officer.

e. The defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and

property, including computer systems and peripheral devices. The defendant shall submit to the seizure of contraband found. The defendant shall warn other occupants the premises may be subject to searches.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Henderson violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release.

Mr. Henderson's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of four months. The Court recommends to the Bureau of Prisons that Mr. Henderson be designated for confinement at the Terre Haute Farm Camp in Terre Haute, Indiana. Upon release from confinement, defendant will be subject to two years of supervised release, under the terms and conditions imposed at sentencing. The following additional conditions were imposed:

a. The defendant shall provide the probation officer access to any requested financial information.

b. The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program.

c. The defendant shall abstain from the use of all alcoholic beverages.

d. The defendant shall perform 150 hours of community service as directed by the probation officer.

e. The defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and property, including computer systems and peripheral devices. The defendant shall submit tot he seizure of contraband found. The defendant shall warn other occupants the premises may be subject to searches.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Henderson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Henderson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Henderson's supervised release and the sentence imposed of four months in the custody of the Attorney General or his designee. Upon release from confinement, defendant will be subject to two years supervised release imposed at the time of sentencing, plus the additional conditions listed above.

IT IS SO RECOMMENDED this 17th day of March, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Michelle Brady,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal